**District Court of the United States**

**District of Columbia**

(captioned pursuant to <u>Mookini v. United States</u>, 303 U.S. 201)

(Article III court of law)

**FILED**

OCT 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Lawrence La Spina
      Petitioner

<u>Jurisdiction</u>
Federal question

CASE NUMBER 1:06CV01772

JUDGE: Richard J. Leon

DECK TYPE: Pro se General Civil

DATE STAMP: 10/16/2006

v.

United States of America
      Respondent

Certified Mail No.
7004 0750 0004 4026 5369

_____/

## "Independent Action"
**Brought to Vacate Void Judgment Due to Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 60(b)(4)**

---

Petitioner, Lawrence La Spina, a Citizen of the United States, herein <u>pro per</u>, (in his proper person), not <u>pro se</u>, (on behalf of), brings this **independent action**, <u>not a motion</u>, to vacate the **civil** JUDGMENT IN A CRIMINAL CASE, issued from an administrative Federal District Court, operating as a "State" Court, on behalf of, and under the Local Civil Rules of the District of Columbia, due to a <u>lack of subject matter jurisdiction</u>, in Southern District of New York Docket Number 99-cr-339-02.

This independent action arises under the Fifth, Sixth, and Fourteenth Amendments to the Constitution for the United States. Therefore, it is an <u>original</u> civil process, pursuant to Title 28 § 1914(a), that requires a three hundred and fifty dollar filing fee, which has been included.

## Jurisdiction of This Article III Court

While this petitioner's criminal case was conducted in an executive styled Federal District Court utilizing the civil law mode of criminal procedure, on behalf of this legislative State of the District of Columbia, special **notice** should be taken to the captions of this independent action, which is specifically directed to the Article III district court of the United States pursuant to <u>Mookini</u>:

> The term "District Courts of the United States," as used in the rules, without an addition expressing a wider connotation, has its historical significance. It describes **the constitutional courts created under article 3 of the Constitution.** Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. (emphasis added)
>
> <u>Mookini v. United States</u>, (1938) 303 U.S. 201, 82 L.Ed. 748, 58 S.Ct. 543

The federal district courts are courts of very limited jurisdiction but nonetheless empowered to make a lawful determination as to the existence of subject matter jurisdiction, when the absence of of it, would infringe on the substantial rights of a sovereign citizen. **Such is the case here.**

Recently, the Supreme Court has expressed that Federal Rule of Civil Procedure 60(b) can be used procedurally to address <u>subject matter jurisdiction</u> concerns and remains available for use on **void** judgments.

> Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a judgment mistakenly entered against them... a function as legitimate in habeas cases as in run-of-the-mine civil cases. **The Rule also preserves parties' opportunity to obtain vacatur of a judgment that is <u>void for lack of subject matter jurisdiction</u>** - a consideration just as valid in habeas cases as in any other since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. (emphasis added)
>
> <u>Gonzalez v. Crosby,</u> (2005) 162 L.Ed. 2d at 494

The <u>Gonzalez</u> Court becomes even more noteworthy since it deals with

- 2 -

the rights of an individual who had already filed a 28 U.S.C. § 2254 habeas petition and was facing the AEDPA restrictions for filing a second or successive petition. The United States Supreme Court has now made it abundantly clear that there are <u>no procedural barriers</u> for vacating judgments void for lack of subject matter jurisdiction and Rule 60(b) remain available for that purpose.

The very last sentence of Federal Rule of Civil Procedure 60(b) states, "relief from a judgment shall be by motion as prescribed in these rules or by **independent action.**" Bills of review, writs of coram vobis, and other common law remedies are abolished and relief for an invalid or void judgment must be secured by use of Rule 60(b).

That being said, petitioner presents this independent action via Rule 60(b)(4), due to a civil judgment (in a so-called criminal case), completely void of all subject matter jurisdiction. In essence this 60(b) action is a "writ of error" or "writ of right" sounding at law, not in equity. While this petitioner is looking for equitable relief, that is far different than a request for "in equity" relief.

Petitioner has never raised any of the jurisdictional issues contained within this Rule 60(b) action on either direct appeal or section 2255 motion. Since 28 U.S.C. § 2255 was enacted as an additional judicial remedy, by the 80th Congress, it is completely inadequate, even if relief by Rule 60(b) wasn't available. Under the 1976 Adoption of the "Rules Governing Section 2255 Proceedings", it is clearly stated, "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action". The moment the trial Court allows a **separate civil docket number** to be entered on a submitted § 2255 motion, it is admitting that it is a quasi-judicial entity which does not have the jurisdiction to address the manifest constitutional injustice this Rule 60(b) action raises. For those who carefully read the

law, not only is the assigning of a "designated related case" civil docket number, prima facie proof of the trial Court's lack of jurisdiction, the Rules Governing § 2255 Proceedings make it obvious that motions by section 2255 have become an exercise in futility.

Simply compare Rule No. 1, which requires filing into an Article III district court, with Rule No. 4 which requires the clerk to forward the § 2255 motion, to the judge **who conducted** the trial and sentencing proceedings for screening. The trial/sentencing Judge or "Judicial Officer", was not operating pursuant to Article III, so compliance with Rule No. 1 is an impossibility, hence the assignment of the civil number, which isn't <u>authorized</u> in both the § 2255 statute or the Rules Governing § 2255 Proceedings! If anything, Rule 60(b) appears to be the modern day substitute for what § 2255 was supposed to accomplish.

While this independent action may appear to be "habeas" in nature, the application of Rule 60(b)(4) is quite appropriate pursuant to <u>Gonzalez</u>, supra, for judgments void for lack of subject matter jurisdiction. A void judgment is always void, regardless of any other factors, and there are no time restrictions for filing an independent action pursuant to Rule 60(b)(4). In addition, the burden of proof of demonstrating that subject matter jurisdiction ever existed falls squarely on the shoulders of the respondent. Moreover, since subject matter jurisdiction is an essential fundamental element to any proceeding, the judge made doctrine of procedural default is inapplicable and the district court of the United States does have jurisdiction to address the multiple due process violations this independent action raises. The "Erie Doctrine", the "Rule of Decisions Act", and the 4 categories of "Abstention" are equally inapplicable in this matter. <u>Specialized federal common law</u> and both the written and unwritten policies of the State of the District of Columbia should be enjoined.

## Standing of Petitioner Requiring Article III Review

1. Petitioner was born in a union state and is domiciled in a union state making him a sovereign citizen of the United States pursuant to the Fourteenth Amendment.

2. As a sovereign citizen of the United States, this petitioner is guaranteed due process of law in the Fifth and Fourteenth Amendments to the Constitution.

3. As a sovereign citizen this petitioner is guaranteed "Trial by Jury" in the Sixth Amendment and Article III of the Constitution.

4. As a sovereign citizen this petitioner is guaranteed to retain all of his rights not enumerated in the Constitution pursuant to the Ninth Amendment. **This especially pertains to the wrongful use of <u>presumptions</u> by the legislative State of the District of Columbia.**

5. Petitioner maintains no continuous or systematic contact with the District of Columbia, beyond that of a casual relationship.

6. Petitioner has no commercial activity with the District of Columbia.

7. Petitioner bears no responsibility for any corporate bankruptcy he has not expressly signed. (1934 -"United States of America")

8. Petitioner cannot lawfully be found in the jurisdiction of the District of Columbia.

9. Petitioner is not a member or citizen of the administrative society, body politic, or unincorporated association commonly known as the UNITED STATES OF AMERICA, by **presumption** or otherwise.

10. Petitioner meets the "injury in fact" requirements set forth by the United States Supreme Court.

11. Petitioner maintains no aliases or "legal fictions". The use of an idem sonans or ens legis for this petitioner is done without his consent and petitioner states herein, **by specific negative averment**, that only the real person, spelled properly in upper and lower case letters has <u>representative capacity</u> for this petitioner, who is a natural person with unalienable rights.

12. Petitioner is a "foreign State" pursuant to Title 28 § 1603 who has an actual controversy, not a civil dispute, with the "legislative State" of the District of Columbia established at Title 4 § 112(b).

## Venue and Other Concerns

There are no venue concerns in regards to this independent action. There is also no need for forum conveniens. There is either subject matter jurisdiction or there isn't subject matter jursdiction. This Rule 60(b) action does not present any case or controversy with the United States as a party. In fact, though this petitioner has named a respondent in this action in the captions, this Article III court could easily make an "ex parte" ruling, if it desires to. Petitioner has provided some examples of the many case citings supporting this:

Independent actions allowed by Rule 60(b) are not confined to court that rendered judgment being attacked, but may be brought in any other court of competent jurisdiction; however, ordinarily preferred choice would be that court which rendered judgment.
Carr v. District of Columbia,(1976) 543 F2d 917

Federal court has jurisdiction under Rule 60(b) to entertain independent action to relieve party from judgment rendered by another court.
D'Addino v. Dulles, (1954) 136 F Supp 417

Independent action under FRCP 60(b) may be brought in court other than court that issued contested order.
Morrel v. Natiowide Mut. Fire Ins. Co., (1999) 188 F3d 1002

This petitioner is not requesting a Federal District Court to review a judgment issued from another Federal District Court. This petitioner is requesting the Article III district court of the United States to declare the "civil"justice" obtained JUDGMENT OF A STATE COURT, operating out of a Federal District , void, for lack of both personal and subject matter jurisdiction. While personal jurisdiction can be waived, by exploitation of ignorance, the due process of law required to obtain and maintain subject matter jurisdiction is not waivable. The plain manifest constitutional error this action will demonstrate didn't just result in a voidable judgment, but a judgment that was always void from its inception.

A judgment is void when it is beyond a court's power to render and a "State" Court's power to act must be **ousted** when it runs afoul of the due process guarantees of the Constitution. When a "precinct" or "State" Court for the District of Columbia chooses to proceed, in these circumstances, its actions are not merely erroneous, but beyond its power, void, and subject to collateral attack. This independent action must not be considered a petition for "habeas corpus" and petitioner is not asking for **release from incarceration** as relief.  Additionally this Rule 60(b) independent action should not be construed to be a civil complaint pursuant to "The Prisoner Litigation Reform Act of 1995".

Petitioner is not seeking monetary damages via the PLRA and the only relief, this independent action seeks is a **voiding** of the "civil" JUDGMENT and a refunding of any special assessment fees that may have been payed as a result of the invalid judgment. This district court has jurisdiction over this Rule 60(b) action pursuant to Title 28 § 1331, as well as the Constitution itself, and Gonzalez has paved the way procedurally for this court to act on judgments that are void due to lack of subject matter jurisdiction. There is no valid reason for this action to undergo "state law review","a civil justice process", or any proceeding or procedure outside the common law due process provided by the Constitution and the Bill of Rights.

## Summary Introduction

While this petitioner can demonstrate lack of subject matter jurisdiction in numerous ways, this independent action only raises two simple points. (1). There was no valid grand jury indictment ever returned by a true constitutional grand jury and . (2). there was no "Trial by Jury" ever held pursuant to the Constitution and Bill of Rights.

- 7 -

## History of Law

Our founding fathers were brilliant men who had seen the judicial injustice occuring in the much dreaded Star Chamber courts, where judges acting without juries could perform outrageous deeds. Ambitious judges loyal to the crown and currying executive favor could and did become tools for tyranny. This is why due process and the importance of juries appears in no less than three amendments - The Fifth, Sixth, and Seventh. In addition, the Northwest Ordinance was secured in its entirety by Article VI, ¶ 1 of the Constitution making it organic law and part of the "supreme Law of the Land".

> The inhabitants of the said territory shall always be
> entitled to the benefits of the writ of habeas corpus,
> and of **trial by jury**; of a proportionate representation
> of the people in the legislature; and of **judicial proceedings
> according to the course of the common law**...No man shall be
> deprived of his liberty or property but by the **judgment of his
> peers** or the law of the land.... (emphasis added)

### Article 2 - Northwest Ordinance of July 13, 1787

Unfortunately, even though this petitioner is guaranteed due process by the supreme Law of the Land, he did not have "Trial by Jury" pursuant to the Sixth Amendment and Article III of the Constitution. Nor did this petitioner have "judicial proceedings according to the course of the common law". Finally petitioner has no choice but to challenge subject matter jurisdiction by using Rule 60 (b) of the Federal Rules of Civil Procedure since the benefits of the writ of habeas corpus are even procedurally barred by the non-judicial executive District Courts operating on behalf of the District of Columbia. The "appearance of justice" was not what the Framers had in mind when they drafted our Constitution. In perhaps the best written Supreme Court decision in the last one hundred years, Justice Scalia beautifully

layed out the difference between common law and civil law in <u>Crawford</u>
<u>v. Washington</u>, (2004) 541 U.S. 36, 158 L.Ed 2d 177, 124 S.Ct. 1354

    <u>Crawford</u> is drafted some two hundred years plus since our
Constitution, yet the message remains the same. The importance that
our founding fathers placed on due process must never be disregarded.
<u>Crawford</u> while discussing the confrontation clause of the Sixth
Amendment went on to condemn the civil law mode of criminal procedure
which is currently in use by our Federal Justice System:

> (1) The confrontation clause had to be interpreted while
> keeping in mind the inference, <u>supported by history</u> that
> the **principal evil** at which the clause was directed was
> **the civil-law mode of criminal procedure;**...(emphasis added)

<u>Crawford</u>, supra, 158 L.Ed 2d at page 179

Just two months after <u>Crawford</u>, Justice Scalia once again demonstrated
the importance of common law in another opinion he delivered:

> There is not one shred of doubt, however, about the Framers
> paradigm for criminal justice, **not the civil-law ideal** of
> administrative perfection, **but the common-law ideal** of <u>limited</u>
> state power accomplished by strict division between judge
> and jury. (emphasis added)

<u>Blakely v. Washington</u>, (2004) 542 U.S. 296, 159 L.Ed. 2d
at page 421, 124 S.Ct. 2531

The Supreme Court has been consistent when it comes to due process,
the Fifth and Sixth Amendments, and sovereign rights protected by our
Constitution. It is clear that due process is as important today as
it was over 200 hundred years ago. It is also cited in multiple
Supreme Court cases, that without due process there is <u>no subject</u>
<u>matter jurisdiction</u>, (i.e. - see <u>Johnson v. Zerbst</u>,(1938) 304 U.S.
458, 58 S.Ct. 1019)

    As this independent action will adequately demonstrate, the most
fundamental due process rights that establish personal and subject
matter jurisdiction were violated from the inception of the case.

**There was no Lawful Indictment Pursuant to the Fifth Amendment
Leaving the Charging Instrument <u>Void of Subject Matter Jurisdiction</u>
in Southern District of New York Docket No. 99-cr-339**

The Grand Jury clause in the Fifth Amendment to the Constitution for the United States reads as follows:

> No person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, <u>nor be deprived of life, liberty, or property, **without due process of law;**</u> nor shall private property be taken for public use, without just compensation. (emphasis added)

<u>Fifth Amendment to the Constitution for the United States</u>

The key words are in emphasis, supra, "without due process of law". Subject matter jurisdiction is conferred by the Constitution and statutes and relates directly to the court's power to adjudicate an issue. What is not covered by statutes are often covered by the Federal Rules of Civil and Criminal Procedure. To a certain degree, the Rules are even more important than laws, since when the two collide the Rules prevail. (see Title 28 § 2072 (b))

The Fifth Amendment grand jury right serves a vital function in providing for a body of citizens, a necessary check on prosecutorial power. Without it, prosecutors would essentially have a free hand to do whatever they pleased and the rights of the sovereign would be compromised as a result. Federal Rule of Criminal Procedure No. 6 is in place to preserve due process as it outlines the proper procedure for convening and operating both a federal and special grand jury.

Criminal Rule No. 6 was amended in 2000 and 2002, but at the time of this petitioner's INDICTMENT, it read as follows on page 7-.

Federal Rule of Criminal Procedure No. 6

(b) Objections to Grand Jury and Grand Jurors.

(1) Challenges. The attorney for the government
or a defendant who has been held
to answer in the district court may
challenge the array of jurors on
the ground that the grand jury was
not selected, drawn or summoned in
accordance with law, and may challenge
an individual juror on the ground
that the juror is not legally qualified.
**Challenges shall be made before the
administration of the oath to the
jurors and shall be tried by the
court.** (emphasis added)

(c) Foreperson and Deputy Foreperson. The
court shall appoint one of the jurors
to be foreperson and another to be deputy
foreperson. The foreperson shall have
power to administer oaths and affirmations
and shall sign all indictments. The
foreperson or another juror designated
by the foreperson shall keep a record
of the number of jurors concurring in
the finding of every indictment and
shall file the record with clerk of
the court, but the record shall not
be made public except on order of the
court. During the absence of the foreperson
the deputy foreperson shall act as foreperson.

(f) Finding and Return of Indictment. An
indictment may be found only upon the
concurrence of 12 or more jurors. The
indictment shall be returned by the
grand jury to a federal magistrate judge
in open court. If a complaint or information
is pending against the defendant and
12 jurors do not concur in finding an
indictment, the foreperson shall so
report to a federal magistrate judge in
writing forthwith. (emphasis added)

A careful examination of the above Rules will demonstrate

several violations of due process of law in addition to violation

of statute. More importantly, it will be demonstrated that there never

was any subject matter jurisdiction in petitioner's case pursuant to

a valid indictment that was in conformity with the above Rules.

- 11 -

As Title 28 § 1867 allows for challenging the petit jury selection <u>before</u> the voir dire examination and taking of any oaths, Criminal Rule 6(b)(1) similarly allowed for challenging the array of grand jurors <u>before</u> the administration of the oath to the jurors. This is a clear requirement of the due process of law and petitioner, nor his counsel, were ever <u>noticed</u> of any grand jury convening effectively denying him this fundamental right. The opportunity to determine if the grand jurors were "worthy accusers" was completely denied this petitioner. Of course, this violation of Criminal Rule 6(b)(1), in and of itself, would probably not constitute an indictment rendered void of subject matter jurisdiction. Indeed one can even take the position that this petitioner waived his right to challenging the grand jury array by not objecting at an earlier date. However, this is only the **beginning** of the matter, and as will be demonstrated, the <u>cumalative</u> violations of multiple provisions of Criminal Rule No. 6, resulted in a completely **invalid**, <u>not</u> defective INDICTMENT.

Federal Criminal Rule 6(c) - requires a member of the grand jury to file the voting concurrence forms with the clerk of the court. While the specific voting records themselves are not for public viewing, there should at a minimum be an entry <u>somewhere</u>, indicating that the voting records were at least filed. This petitioner could not locate any entry on the master docket showing compliance with this rule. Moreover, the clerk of the court appears to have no knowledge of Criminal Rule 6(c) when questioned about the voting records. The master docket simply indicates that an INDICTMENT was filed. There appears to be no way of verifying who "voted on it" or "filed it". Petitioner deduces that a prosecutor filed it, since lawful indictments are **returned**, <u>not filed</u>, in an **open court proceeding** pursuant to Criminal Rule 6(f).

Of course, one can simply cross-check Criminal Rule 6 (c) against Criminal Rule 6 (f) quite easily. If the appointed grand juror in charge of filing the concurrence forms/voting records with the clerk innocently forgot to do his job, there would still be a record pursuant to Criminal Rule 6 (f). Any interested party should be able to acquire a copy of the **open court** proceeding transcript, where the grand jury as a body is required to return an indictment to a federal magistrate judge. Criminal rule 6 (f) is very specific and mandates that the indictment be returned to a magistrate. There is no provision within it which allows for this process to be skipped. To insure the integrity of the grand jury proceedings and **open court** proceedings a court reporter must keep an electronic recording or transcript by statute.

> **§ 753 Reporters**   (28 U.S.C.)
>
> (b) Each session of the court and every other proceeding designated by **rule** or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method...Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in **open court**; (2) all proceedings in other cases had in **open court** unless the parties with the approval of the judge shall agree specifically to the contrary... (emphasis added)

Since Criminal Rule 6 (f) mandates that the indictment be returned in **open court** petitioner felt it prudent to define exactly what the words **open court** represents -

> **Open court.** Common law requires a trial in open court; "open court" means a court to which the public have a right to be admitted. People v. Rose, 82 Misc.2d 429, 368 N.Y.S. 2d 387,390. This term may mean either a court which has been formally convened and declared open for the transaction of its proper judicial business, or a court which is freely open to spectators.
>
> Black's Law Dictionary - Sixth Edition

Proper court and law ethics would also require the plaintiff's

- 13 -

attorneys to **notify** this petitioner's counsel of an **open court** proceeding occuring regarding his or her client.   Though the Supreme Court has made the importance of "Notice" plainly clear in several of its decisions, counsel for the Government chose to ignore the notification process required  in Criminal Rule 6 (b) (1) and Rule 6 (f).

There appears to be an even more serious problem. Upon contacting the court reporter's office, this petitioner has uncovered the fact that there is _no transcript_ of any  **open court** proceeding having ever taken place where an indictment was returned against this petitioner. Not only did the grand jury fail to appear as an entire body in front of a federal magistrate judge as required by Criminal Rule 6 (f) at the time of petitioner's INDICTMENT, there is no record of a single grand juror appearing at an **open court** proceeding as mandated by the current amended Criminal Rule 6 (f).

These violations of Criminal Rule 6(b) (1), 6 (c) and 6 (f) when taken togther demonstrate error so fundamental to our Constitutitonal protections that the INDICTMENT rendered cannot be considered a lawful indictment at all. This was not a defect in form only that can be waived away by calling it minor procedural error. The due process violations of the Fifth Amendment and Criminal Rule 6 resulted in a charging instrument fatal from its inception and completely lacking in subject matter jursidiction. Defects can be corrected, however there is no cure for an invalid indictment created out of whole cloth, instead of due process of law. This violation of petitioner's substantial rights comes directly under Federal Rule of Criminal Procedure No. 52(a), not (b), which mandates correction when you remove the double negative. (Delete the word "not" and the prefix "dis" from the word "regarded" in Rule 52 (a) to arrive at the proper meaning). Unfortunately for the plaintiff's attorneys, the only correction for an INDICTMENT void

for <u>lack of subject matter jurisdiction</u> is a **vacatur of the judgment.**

Criminal Rule 52 (a) mandates that any error or irregularity that effects substantial rights <u>must</u> be regarded. An INDICTMENT conceived by zealous prosecutors instead of the due process of law of a law-fully empowered grand jury pursuant to the Fifth Amendment, is <u>well-beyond</u> the requirements needed to vacate the judgment in this matter.

The multiple errors that occurred by a complete disregard of Criminal Rule No. 6 so deeply prejudiced this petitioner's substantial rights, that it **"affected the fairness, integrity, or public reputation of judicial proceedings"**. (This bold-typed description, supra, is exactly verbatim what the Supreme Court opinioned in <u>United States v. Cotton,</u> (2002) 535 U.S. 625, 152 L.Ed.2d 260, 122 S.Ct. 1781 as a non-tolerable violation of due process of law.)

Since it is not realistic to accept that a federal magistrate judge, the prosecutors, the members of the grand jury, and even the court reporters decided to completely disregard the Rules and the law, this petitioner can only arrive at one conclusion by deductive reasoning. The grand jury process used to INDICT this petitioner must have been a **non-judicial** proceeding done by a **quasi SPECIAL GRAND JURY** completely outside the due process requirements of the Constitution and Criminal Rule No. 6, operating in the course of the civil law.

Subject matter jurisdiction <u>never</u> lawfully existed pursuant to a lawful Fifth Amendment authorized Grand Jury, and the Federal Rules of Criminal Procedure were apparantly not applicable to the irregular civil- justice system that was used. The INDICTMENT that was used in petitioner's criminal case is void for lack of subject matter jurisdiction, unconstitutional as applied, and even appears to be evidence of fraud being committed upon the trial Court.

**There was no Lawful Trial by Jury Held Pursuant to the Sixth Amendment Leaving the Trial Court <u>Without Subject Matter Jurisdiction</u> in Southern District of New York Docket No. 99-cr-339**

In addition to Article III of the Constitution and the Northwest Ordinance, due process of law is outlined in the Sixth Amendment.

> In all criminal **prosecutions**, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be <u>informed</u> of the **nature and cause** of the accusation; to be con- fronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. (emphasis added)

<u>Sixth Amendment to the Constitution for the United States</u>

Even if there had been a lawful indictment in petitioner's case, the trial Court lost any and all <u>subject matter jurisdiction</u> it may have had when it held "trial **with** a jury (by the Court)", instead of true "Trial **by** Jury" as mandated by Article III of the Constitution and the Sixth Amendment. Perhaps the trial Court had no choice but to conduct a quasi-judicial proceeding, in the course of the civil law, due to the plaintiff's attorneys failing to provide a proper indictment as authorized by the Fifth Amendment and Criminal Rule No. 6.

The procedural due process fundamental to protecting this Citizen's rights pursuant to proper Trial by Jury partially include:

1. jurors take an oath to the Constitution, not the court.
2. judges guide and instruct in the law, but don't <u>charge</u> the jury.
3. court is only in session when the jury is present.
4. citizens are provided with <u>notice</u> of **nature and cause** pursuant to the Sixth Amendment, not **nature and circumstance**.
5. citizens can take "counsel" with any individual of their choice and are not restricted to "attorneys-at-law". (bar members)
6. the accused receive **criminal prosecutions done in the course of the common law** in a judicial court of the United States, <u>not</u> a **criminal proceeding done in the course of the <u>civil law</u>** in a non-judicial Court, operating on behalf of a legislative State.

None of the listed above was followed at this petitioner's trial and this petitioner has <u>only</u> listed a small fraction of the due process

requirements of Trial by Jury.  <u>All</u> parties present at this petitioner's trial failed to inform this petitioner that his Constitutional guarantee to Trial by Jury was being waived. This was a violation of the mandate the United States Supreme Court delivered some 70 years ago, where even a jury of eleven instead of twelve , was not permissable without the consent of the criminal defendant.

> Before any waiver of the right of one charged with crime to **trial by jury** can become effective, the **consent** of government counsel and the **sanction of the court** must be had, in addition to the <u>express and intelligent consent</u> of the defendant, and the duty of the trial court in that regard is not to be discharged as a mere matter of note, but with sound and advised discretion, with an eye to avoid unreasonable or **undue** departures from that mode of trial, or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.  (emphais added)

<u>Patton v. United States</u>, (1930) 281 U.S 276, 74 L.Ed. 854

Without due process there is <u>no subject matter jurisdiction.</u> This is especially true with the due process defined by the Bill of Rights. To insure the integrity of the judicial process, juries in the early years of our great nation , were considered part of the judiciary.  Jurors, not the judge were finders of <u>both</u> the fact and the law.  In 1788, the very popular <u>Anti-Federalist Maryland Farmer</u> , noted the awesome responsibility given jurors and stated that although ordinary folk were "much degraded in the powers of the mind...", jury service would uplift them, "...**Give them power and they will find understanding to use it.**" In opposite to this, the jury in petitioner's CRIMINAL CASE, did not find the law or the facts, but functioned as some form of advisory jury, where the facts that they were allowed to find was totally controlled by the Court. Clearly, <u>he who controls</u>

the evidence controls the outcome and the Court usurping fact-finding authority from the jury is plainly seen by simply reviewing the JUDGMENT IN A CRIMINAL CASE which states:

> **The Court adopts the factual findings and guidelines application in the presentence report.**

This above statement from the JUDGMENT, by itself, should be enough to render the judgment void for lack of subject matter jurisdiction. The trial Court adopting as fact, the findings of an employee of the Department of Justice, instead of calling upon an impartial jury of twelve, and then using that information to determine the length of time a person should be incarcerated for is a complete and total disregard of the due process required by the Sixth Amendment. In fact, this act clearly makes the trial Court in petitioner's case, part of the Executive branch, not the Judicial branch of Government.

There can be no doubt that the trial Court was not operating under Article III of the Constitution and there is no seperation-of-powers violations to address. There is simply no lawful jurisdiction. There is no provision in the Constitution that would allow for any quasi=judicial criminal proceedings held in the civil law mode of procedure. Judicial proceedings for one to be punished for a crime must be held in the common law and any allowance for punishment without a judicial trial is a Bill of Attainder expressly forbidden by Article 1 § 9 of the Constitution. This petitioner does not need a recent case such as Blakely, supra at page 5, to demonstrate that a Sixth Amendment violation leaves the Court void of jurisdiction, this was addressed over a hundred years ago.

The finding of issue of fact by the court upon the evidence is altogether unknown to a common law court and cannot be recognized as a judicial act; such questions are **exclusively for the jury.** (emphasis added)
Rogers v. United States, (1891) 141 U.S. 548, 35 L.Ed. 853, 12 S.Ct. 91

Petitioner was obviously not charged with a crime against the United States which requires that criminal prosecutions be held in the course of the common law. Rather, a UNITED STATES DISTRICT COURT, operating as a "State" court for the District of Columbia, held its civil law mode of criminal procedure style trial, using **presumption** that petitioner was subject to it, for violation of the administrative criminal **policies** of the UNITED STATES OF AMERICA. This system of justice runs afoul of the due process of law provided by the Constitution, leaving the trial Court **without subject matter jurisdiction**, and is unconstitutional as applied. Additionally this petitioner has a Ninth Amendment right not to be subject to the use of "presumptions" by the legislative State of the District of Columbia,

Regardless whether the trial Court was authorized by the Local Civil Rules of the District Of Columbia or any "deck" for miscellaneous cases, ancillary jurisdiction, pending related case, supplementary rules, special proceedings, standing orders, internal memos, "contempts constituting crimes", tort laws, and any other District of Columbia policy or procedure, the entire trial process that was used against this petitioner was in violation of constitutional due process, thereby making it **void** and **without jursidiction.**

By **presuming**, this petitioner is a member of the special purpose entity, body politic called the UNITED STATES OF AMERICA, the municipal Government defacto, has unlawfully subjected this petitioner, a Citizen of the United States and member of the body sovereign, government de jure, to a non-judicial trial done in the course of the civil law. Petitioner is guaranteed "due process of law", not "prevailing usages of law" by the supreme Law of the Land, and there was no valid jurisdiction in petitioner's CRIMINAL CASE at the indictment, trial, or sentencing stage.

## Summary and Conclusion

Petitioner has only raised two issues in this 60(b) action in regards to subject matter jurisdiction. Clearly, there are many many more examples that this petitioner did not bother to cite. The UNITED STATES OF AMERICA cannot "do away" with the Constitution of the United States, which is still very much, **the Law of the Land.** If anything it appears that the body politic/body corporate is warring with the body soveriegn. Federalism should not **erode** the due process of law, as it has now done, ever so gradually, over the last seventy years.

Perhaps Supreme Court Justices O'Connor and Rehnquist decided that they would leave a remedy in place before they departed the Court. Gonzalez is one of the very last cases that both justices would ever participate in as active Supreme Court justices. Surprisingly both O'Connor and Rehnquist joined the majority in the Gonzalez opinion, where traditionally you would expect both of these justices to be on the opposing side of a Justice Scalia rendered opinion, that didn't further "State" interests. No matter what the motivation, there can be no doubt that Rule 60(b) is and remains, available procedurally for judgments **void for lack of subject matter jurisdiction** pursuant to the majority's opinion in Gonzalez.

To re-iterate, petitioner's most fundamental rights to due process of law, as outlined in the Northwest Ordinance; Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution; and Articles I and III of the same instrument, have been violated. This manifest constitutional injustice resulted in there being no subject matter jurisdiction from the very beginning of petitioner's quasi-judicial proceedings. Proceedings that were done in the course of the civil law, instead of the common law, in complete disregard of the guarantees in the Northwest

Ordinance. Therefore, in the interest of justice, this petitioner requests the following relief be granted by this Article III district court of the United States:

1. That the "civil" JUDGMENT IN A CRIMINAL CASE issued from a State forum operating from a Federal District Court, be **vacated** due to a complete lack of subject matter jurisdiction caused by the use of an instrument labeled an INDICTMENT, and a process that was **void** from its inception.

2. Refunding of any and all "special assessment fees" that were charged due to the invalid JUDGMENT.

3. Compliance with **Title 28 § 1657(a)**, causing this court to give this independent action its highest priority for "good cause". (due to manifest consti-tutional injustice demonstrated throughout this action)

For this court's convenience, petitioner has attached a copy of the JUDGMENT to this Rule60(b) action.

This independent action is presented as all facts within it being true and correct, under penalty of perjury, pursuant to Title 28 § 1746 this /5ᵗʰ day of October, 2006.

By: _Lawrence La Spina_

Lawrence La Spina
82781-54/2BU
2225 Haley Barbour Pkwy.
PO Box 5000
Yazoo City, Miss. 39194

Attached Exhibit

## JUDGMENT IN A CRIMINAL CASE

for the Southern District of New York
Docket Number  99 CR 339 - 2

# UNITED STATES DISTRICT COURT

SOUTHERN | District of | NEW YORK

UNITED STATES OF AMERICA
**v.**
LAWRENCE LASPINA

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:       99 CR 339-2 (CM)

Lawrence Silverman
Defendant's Attorney

FILED JAN 18 2001

#01,0027WP

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.
X was found guilty on count(s)   1, 2, and 3
  after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Wire Fraud and Interstate Transportation of Stolen Property | 4/7/99 | 1 |
| 18 USC 371 | Conspiracy to Commit Tax Fraud | 4/7/99 | 2 |
| 18 USC 1503 | Obstruction of Justice | 12/21/94 | 3 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 3/11/58

Defendant's USM No.: 82781-054

Defendant's Residence Address:

10012 Griffin Rd.

Cooper City, FL 33328

January 10, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

Colleen McMahon, U.S.D.J.
Name and Title of Judicial Officer

January 10, 2001
Date

U.S. ATTORNEY
FOR THE S.D.N.Y.
JAN 19 2001
RECEIVED
WHITE PLAINS OFFICE

Received
JAN 2 ... 1
F.L. Unit
NYS-US Attorney Office

Defendant's Mailing Address:

SAME

A TRUE COPY
JAMES M. PARKISON, CLERK

By _____    JAN 18 2001

Deputy Clerk
JAN 19 2001

MICROFILM

USDC SDNY WF

| DEFENDANT: | LAWRENCE LASPINA | Judgment — Page __2__ of __8__ |
| CASE NUMBER: | 99 CR 339-02(CM) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   78 MONTHS   .
Defendant is sentenced to 60 months' imprisonment on Count 1, and 60 months imprisonment on Count 2; sentences on counts 1 and 2 are to run concurrently with each other.  Defendant is sentenced to 18 months on Count 3; the Sentence on count three is to run consecutive to the sentences on counts 1 and 2. Total sentence is (78) months. Defendant's term of imprisonment will be followed by 2 years of supervised Release.

X    The court makes the following recommendations to the Bureau of Prisons:

Defendant should be incarcerated near his place of residence

☐    The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m. ☐ p.m.    on _____ .

☐    as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

X    before 2 p.m. on    March 12, 2001    .

☐    as notified by the United States Marshal.

X    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:    LAWRENCE LASPINA
CASE NUMBER:    99 CR 339-02(CM)

Judgment—Page    3    of    8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    Two (2) years
Defendant is sentenced to two (2) years supervised release on each count to run concurrent with each other.  Total supervised release time is two (2) years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**X**    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

**X**    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Reverse — Supervised Release

| DEFENDANT: | LAWRENCE LASPINA | Judgment—Page | 4 | of | 8 |
| CASE NUMBER: | 99 CR 339-02(CM) | | | | |

## ADDITIONAL SUPERVISED RELEASE TERMS

Payment of restitution is made a condition of supervised release. The restitution owed shall be paid in monthly installments of 15% of gross monthly income over the period of supervision to commence 30 days after the release from custody. The defendant will cooperate with all further inquiries and directives of the Internal Revenue Service and comply with this country's tax laws. The defendant is to report to the nearest Probation Office within 72 hours of release from custody. It is recommended that the defendant be supervised by the district of residence.

245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 5, Part A — Criminal Monetary Penalties

DEFENDANT:          LAWRENCE LASPINA
CASE NUMBER:        99 CR 339-02(CM)

Judgment — Page  5  of  8

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 200. | $ | $ 2,320,469 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| United States Government | | $1,320,469. | |
| IBM | | $1,000,000. | |

| **TOTALS** | $ _____ | $ 2,320,469. | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine and/or  restitution.

☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

| | Judgment — Page | 6 | of | 8 |
|---|---|---|---|---|

DEFENDANT: LAWRENCE LASPINA
CASE NUMBER: 99 CR 339-02(CM)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ E below); or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E** ☒ Special instructions regarding the payment of criminal monetary penalties:

    If the defendant is engaged in a BOP non - UNICOR work program, the defendant shall pay $25.00 per
    quarter toward the criminal financial penalties. However, if the defendant participates in the BOP's
    UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings
    toward the criminal financial penalties--consistent with BOP regulations at 28 C.F.R §545.11. Upon release
    from prison, defendant shall pay restitution in monthly installments of 15% of gross monthly income.
    Defendant shall notify the US Attorney for this district within 30 days of any change in mailing address that
    occurs while any portion of the restitution remains unpaid. The special assessment of $200 is due and
    owing immediately.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of
imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal
monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer,
or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties

☐ Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

DEFENDANT:    LAWRENCE LASPINA
CASE NUMBER:    99 CR 339-02(CM)

Judgment—Page ___7___ of ___8___

# STATEMENT OF REASONS

☐  The court adopts the factual findings and guideline application in the presentence report.

## OR

X  The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

SEE ATTACHED PORTION OF SENTENCING MINUTES

## Guideline Range Determined by the Court:

Total Offense Level: _____28_____

Criminal History Category: _____1_____

Imprisonment Range: _____78_____ to _____97_____ months

Supervised Release Range: _____2_____ to _____3_____ years

Fine Range: $ __12,500.__ to $ __22,680,810.__

X  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __2,320,469.__

☐  Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐  Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐  Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐  For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐  Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

## I (a) PLAINTIFFS

Lawrence LA-Spina
120 E 11th Street
New York, NY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)   88888

## DEFENDANTS

USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMI

CASE NUMBER   1:06CV01772

JUDGE: Richard J. Leon

DECK TYPE: Pro se General Civil

DATE STAMP: 10/17/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CI
FOR PI

| | | | |
|---|---|---|---|
| | | | PFT |
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place ☐ 4  ☐ 4 of Business in This State |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place ☐ 5  ☐ 5 of Business in Another State |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation ☐ 6  ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ **G. Habeas Corpus/ 2255** | □ **H. Employment Discrimination** | □ **I. FOIA/PRIVACY ACT** | □ **J. Student Loan** |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| □ **K. Labor/ERISA (non-employment)** | □ **L. Other Civil Rights (non-employment)** | □ **M. Contract** | □ **N. Three-Judge Court** |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Federal Rule 60(b)(4)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** □ YES   □ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES □ NO   If yes, please complete related case form.

**DATE** 10/16/06    **SIGNATURE OF ATTORNEY OF RECORD**

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

